*943 OPINION.
Milliken:
Respondent did not err in refusing to permit petitioner to take as a deduction the amounts paid by him in previous years for salaries, rent and other expenses of his business. Section 214(a) (1) of the Revenue Act of 1918 permits as deductions in this respect, only “All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business.” None of the expenses which respondent denied as deductions was incurred or paid during the year 1919, the taxable year in question.
Setting on the side for the instant the vital question whether one can charge off that which he has never charged on, whether he can take as a deduction a worthless debt which he has not reported as income, we will consider whether the debts which petitioner claims he ascertained to be worthless in 1919 and charged off in that year, were otherwise deductible under section 214 of the Revenue Act of 1918.
Petitioner can not be held to have either charged off (if he could charge off that which he had never charged on) his fee in the case of Frear v. Lewis; nor can it be held that he ascertained that this fee *944 was worthless during the year 1919. During the whole remainder of that year, after his client deserted him he was pursuing a legal remedy to recover this fee. He was resisting the dismissal of the Frear v. Lewis case and seeking the right to prosecute it for the purpose of recovering his fee. While it is true that a person can, by mental process both charge on and charge off a debt in those cases where the process of accounting is purely mental (see Appeal of Charles A. Collin, 1 B. T. A. 305), yet it can not be held that one can mentally charge off a debt while at (he same time he is persistently pursuing a legal remedy to recover it, and especially where he continues such prosecution for years afterward. Nor can it be held that petitioner ascertained this fee to be worthless in 1919, during which time he was expending time and effort to effect its recovery.
It is not shown that petitioner ascertained that the Kruger fee became worthless in 1919, or that Kruger’s debt was any more valuable w7hen the services were rendered than at any other time during that year. Petitioner merely testifies that after promising to pay, Kruger never came back.
It is not shown nor attempted to be shown that the Hoosick Church & School was insolvent in 1919. The same is true as to Miss Williams. In the first case, petitioner relinquished his fee because he felt disinclined to collect it and the last case he forgave the debt. Neither the forgiveness of a debt nor the disinclination of a creditor to enforce payment, makes a debt worthless. See Appeal of Joseph M. Byrne, 1 B. T. A. 996, and Appeal of G. C. Krack, 1 B. T. A. 1119.
We have discussed these amounts sought to be deducted as worthless debts as though they had been charged off by the petitioner after having been reported by him as income. However, petitioner has done neither of these things. The right to deduct the so-called worthless debts must be denied on the authority of Appeal of Charles A. Collin, supra, in which case it was held that a taxpayer could not take as a deduction, the loss of a gain which he had not charged on or reported as income. The fact that some of the services in the Frear case were rendered prior to March 1, 1913, does not alter the case, even if we were to concede that this fee became worthless in 1919. No part of that fee was due and payable prior to March 1, 1913. The fee on that date was contingent upon success. If the fee had been paid in 1919, the whole of it would have been income in that year. Cf. Woods v. Lewellyn, 252 Fed. 106, and Jackson v. Smietanka, 272 Fed. 970. By the same token, the Frear fee can not be separated into two parts for the purpose of deduction.
Petitioner’s last contention takes two forms: first, he relies on the doctrine of estoppel, and next, cites authorities to the effect that, *945 subject to limitations not necessary to be enumerated here, where one official with all the facts before him settles a controversy between a citizen and the Government, the rule of departmental procedure is that his successor in office should not reopen the matter. Without discussing the general trend of authorities, to the effect that the Government can not be estopped by the acts or representations of its agents, it is only necessary to point out that the petitioner has not shown that he has in any wise been caused to change his position for the worse or to suffer any loss by reason of the acts of respondent. Eespondent has only determined that petitioner should pay a certain amount of tax. The Board has found petitioner’s objections to the deficiency are untenable. Eespondent has, therefore, determined that which the petitioner should have reported in the beginning.
Petitioner’s second contention, even if sound, under a proper state of facts, must fall since Mr. Blair was Commissioner when the letter of June 6, 1922 was written, continued in office, and was Commissioner when the deficiency was determined.
The same contentions were advanced in Appeal of Dallas Brass & Copper Co., 3 B. T. A. 856, and in Appeal of First National Bank of Plattsburg, 4 B. T. A. 478, and in those proceedings found to be without merit. See also Appeal of Boyne City Lumber Co., 7 B. T. A. 36.

Judgment will be entered for the resfondent.

Considered by Marquette and Phillips.